UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUGAR FACTORY, LLC, a Nevada limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> GLOSSY POPS, LLC, a New York limited liability company; GLOSSY POPS SOURCING AND DESIGN, LLC, a New York limited liability company; GLOSSY POPS UK LIMITED, a United Kingdom private limited company; GLOSSY POPS (ASIA) LIMITED, a Hong Kong private limited company; PROJECT GROUP, LLC, a New York limited liability company; SHAUL SHAI HARARI, an individual; KELLY HARARI, an individual; PHILIPP SHCHEKIN, an individual; and DOES 1-50 inclusive, <br><br> Defendants. | Case No. 2:19-cv-01438 DDP (ROAx) <br><br> **ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS THE COMPLAINT** <br><br> [Dkts. 32, 35] |

Presently before the court is Defendants Glossy Pops Sourcing and Design, LLC ("Glossy Pops Sourcing"), Glossy Pops UK Limited ("Glossy Pops UK"), Glossy Pops Asia Limited ("Glossy Pops Asia"), Project Group, LLC ("Project Group"), Shaul Shai Harari, ("Shai Harari"), Kelly Harari ("Kelly Harari"), and Philipp Shchekin ("Shchekin") (collectively Defendants)'s Motions to Dismiss for lack of personal jurisdiction under Rule 12(b)(2). (Dkts. 32, 35.) Additionally, Defendant Glossy Pops, LLC ("Glossy Pops") and the above-named Defendants collectively move to dismiss Plaintiff's third and sixth claim for relief for Trade Dilution under 15 U.S.C. § 1125(c) and California Business and Professions Code § 14247 for failure to state a claim under Rule 12(b)(6).

## I. BACKGROUND

Sugar Factory, LLC ("Sugar Factory" or "Plaintiff") is a Nevada Limited Liability Corporation with a principal place of business in Las Vegas, Nevada. (Compl. ¶ 4.) Sugar Factory brings this action against Glossy Pops, Glossy Pops Sourcing, and Project Group, all New York Limited Liability Companies, Glossy Pops UK, a United Kingdom Private Limited Company, Glossy Pops Asia, a Hong Kong Limited Liability Company, Shai Harari, Kelly Harari ("Harari Defendants"), and Philip Shchekin (collectively "Defendants"). (*Id.* ¶¶ 5-12.)

The Sugar Factory brand was founded by Steve and Charissa Davidovici in 2008. (*Id.* ¶ 15.) Sugar Factory is an "internationally renowned business operating retail stores and restaurants throughout the United States and in locations around the world." (*Id.* ¶ 15.) Sugar Factory deals "primarily in the sale of confections and other items," (*id.* ¶ 16), and alleges that it "enjoys extensive and pervasive media exposure, particularly on social media." (*Id.* ¶ 20.) At issue in this case, is Sugar Factory's "Couture Pops®." Couture Pops® are Sugar Factory's "premier line of products." (*Id.* ¶ 21.) The Couture Pops® are both a candy and a fashion accessory and are made of an "intricately bejeweled handle, a rounded lollipop on a stick that is inserted into the handle, and a dome-like top that

covers the head of the lollipop." (*Id.* ¶¶ 21, 22.) Couture Pops® also "feature a charm (or charms) that is (or are) affixed to the bottom of the handle." (*Id.* ¶ 22.)

Sugar Factory owns the registration for the mark "COUTURE POPS®" and owns trademark registrations for its trade dress covering the "iconic, bejeweled Couture Pop® handle," "the combination of the bejeweled handle and a rounded head," and the "combination of the Couture Pop® bejeweled handle, rounded head, and dome-like cover." (*Id.* ¶¶ 29-32.) Copies of Sugar Factory's registrations are attached to the Complaint. (Compl., Exhs. C-F.) The registrations show that Sugar Factory first used Couture Pops® in 2009 and registered the mark and trade dress in 2011. (*Id.*)

Sugar Factory alleges that in September of 2014, it began a "business relationship" with the Harari Defendants and their business, Defendant Project Group. (*Id.* ¶ 36.) Initially, Sugar Factory contracted with the "Harari Defendants to provide products for Sugar Factory restaurants," and during this time "the Harari Defendants became intimately familiar with Sugar Factory's Trade Dress." (*Id.* ¶ 37.) From May 2015 to December 2017, "Sugar Factory engaged the Harari Defendants to manufacture Couture Pops®" using the confidential Trademarked Couture Pop® design. (*Id.* ¶¶ 37-39.) Sugar Factory alleges that the "Harari Defendants worked closely with Sugar Factory, and were privy to the details of Sugar[] Factory's business." (*Id.* ¶ 39.) During this time, "Sugar Factory began paying [Defendant] Shchekin to do graphic design work, while he was also employed by the Harari Defendants." (*Id.*) Sugar Factory alleges that it supplied the Harari Defendants with the "Sugar Factory Trade Dress and Sugar Factory confidential information (including a mold of the Couture Pops® created at Sugary Factory's Expense)." (*Id.*) Sugar Factory also alleges that Mr. Davidovici communicated to Defendant Shai Harari, in confidence, "his idea for a cosmetic line of Couture Pops®" which were part of Mr. Davidovici's "overall strategic vision for the future expansion of the Couture Pops® brand." (*Id.* ¶¶ 40, 41.)

3

"Sugar Factory eventually terminated its agreement with the Harari Defendants around approximately December 2017," after the Harari Defendants failed to deliver a large quantity of Couture Pops®. (*Id.* ¶¶ 45-46.) Sugar Factory alleges that the Harari Defendants "refused to return" the Couture Pop® mold. (*Id.* ¶¶ 45-46.) Further, Sugar Factory alleges that "[n]ot more than ten months" later, the Harari Defendants launched Defendant Glossy Pops. (*Id.* ¶ 48.) The business was allegedly "devoted to selling one product– an exact copy of the Couture Pops® called 'Glossy Pops.'" (*Id.*) The Complaint includes a side-by-side comparison of the trademarked Couture Pops® design and the alleged infringing Glossy Pop. (*Id.* ¶ 51.) Sugar Factory alleges that Glossy Pop's products "infringe Sugar Factory's trade dress by mimicking, without authorization, the design and configuration, as well as the shape, pattern color, texture, lay-out, size, and overall presentation of" Couture Pops®. (*Id.* ¶ 53.)

Sugar Factory also alleges that the Harari Defendants, who "control the Glossy Pop Defendants," knowingly manufacture and distribute Glossy Pops which "copy a combination of several elements of the Sugar Factory's Registered Trade Dress." (*Id.* ¶¶ 1, 85-86.) Defendants have allegedly "blurred the sharp focus and association in the minds of consumers of Sugar Factory's famous trade dress" and consumers will likely "associate Defendants' lesser quality goods with Sugar Factory." (*Id.* ¶¶ 58, 88.) Sugar Factory alleges that it "will suffer and is suffering irreparable harm" from Defendants' continuing infringement. (*Id.* ¶ 92.)

Based on these allegations, Plaintiff raises nine causes of action: (1) False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a)); (2) Trade Dress Infringement, 15 U.S.C. § 1114; (3) Trade Dress Dilution, 15 U.S.C. § 1125(c)); (4) Common Law Trademark Infringement and Unfair Competition; (5) Statutory Unfair Competition, Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (6) Statutory Trade Dress Dilution, Cal. Bus. & Prof. Code § 14247; (7) Breach of Contract (8) Breach of Implied Contract; and (9) Conversion.

4

Defendants now move to dismiss for lack of personal jurisdiction and move to dismiss the third and sixth causes of action for failure to state a claim. (Dkts. 32, 35.)

## II. LEGAL STANDARD

### a. Motion to Dismiss under Rule 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) provides that a court may dismiss a suit for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). The plaintiff has the burden of establishing that personal jurisdiction exists. *See Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). Where, as here, the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Caruth v. International Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1977); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). "Although the plaintiff cannot simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (internal quotations and citation omitted). Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor. *Id.*

District courts have the power to exercise personal jurisdiction to the extent authorized by the law of the state in which they sit. Fed. R. Civ. P. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). Because California's long-arm statute authorizes personal jurisdiction coextensive with the Due Process Clause of the United States Constitution, see Cal. Civ. Code § 410.10, this court may exercise personal jurisdiction over a nonresident defendant when that defendant has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger*, 374 F.3d at 800-01 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The contacts must be of such a quality and nature that the defendants could reasonably expect to be "haled into court there." *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980).

///

5

### b. Motion to Dismiss under Rule 12(b)(6)

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." *Id.* at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. *Id*. at 678 (citations and internal quotation marks omitted).

## III. DISCUSSION

### a. Personal Jurisdiction

Defendants Shai Harari, Kelly Harari, Philipp Shchekin, Glossy Pops Sourcing, Project Group, Glossy Pops UK, and Glossy Pops Asia contend that this court does not have general or specific personal jurisdiction over them. (Defendants' Memorandum of Points and Authorities in Support of Motion to Dismiss "MTD," Dkt. 32-1, at 17-24; Defendant Philipp Shchekin's Memorandum of Points and Authorities in Support of Motion to Dismiss "Shchekin MTD," Dkt. 35-1, at 6-14.) Plaintiff does not dispute lack of general jurisdiction, rather, Plaintiff argues that this court has specific jurisdiction over all defendants. (*See* Plaintiff Sugar Factory's Opposition to Defendants' Motion to Dismiss "Opp.," Dkt. 37, at 16; Plaintiff's Opposition to Defendant Philipp Shchekin's Motion to Dismiss "Opp. Shchekin," Dkt. 38, at 3).

Courts in the Ninth Circuit apply a three-prong test to establish specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. The "plaintiff bears the burden of satisfying the first two prongs of the test." *Id.* "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.*

In the context of claims sounding in tort, courts apply the *Calder* "effects" test to determine whether a defendant has purposefully directed activities to the forum state. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) (citing *Calder v. Jones*, 465 U.S. 783 (1984)). Under the *Calder* effects test, the purposeful direction prong requires plaintiff to allege that a defendant has "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food*, 303 F.3d at 1111. An intentional act is "an external manifestation of the actor's intent to perform an actual, physical act in the real world." *Wash. Shoe Co. v. A–Z Sporting Goods, Inc.*, 704 F.3d 668, 674 (9th Cir. 2012). Demonstrating that a defendant has "expressly aimed" its conduct to the forum state requires "something more" than "a foreign act with foreseeable effects in the forum

7

state." *A–Z Sporting*, 704 F.3d at 675 (citing *Bancroft & Masters, Inc. v. Augusta Na'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000)).

### iii. Personal Jurisdiction over the Harari Defendants and Shchekin

The Harari Defendants argue that there is no specific jurisdiction over them because their connections to California are "non-existent." (MTD at 22:1.) Shai and Kelly Harari argue that Plaintiff's allegations are "vague and conclusory" and that Plaintiff only alleges "on information and belief" that they transact or have transacted business in this district and across the US without any supporting facts. (*Id.*) Defendant Philipp Shchekin also contends that the complaint alleges "no actions by [him] that are aimed or directed at California because there are none." (Shchekin MTD at 7.) And further, that under the "'fiduciary shield doctrine,' an individual's 'mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction' over the individual." (*Id.*)

"Under the fiduciary shield doctrine, a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person." *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989). "Ninth Circuit courts have held in the context of specific jurisdiction that the corporate form does not protect an individual acting in his official capacity when either the corporation is the agent or alter ego of the individual, or where the individual controls or directly participates in the alleged activities, i.e., where there is an identity of interests between the corporation and the individual." *Hendricks v. New Video Channel Am., LLC*, No. 2:14-CV-02989-RSWL-S, 2015 WL 3616983, at *5 (C.D. Cal. June 8, 2015) (internal citations and quotations omitted). In other words, "[defendant's] contacts with California are not to be judged according to their employer's activities there. On the other hand, their status as employees does not somehow insulate them from jurisdiction. Each defendant's contacts with the forum State must be assessed individually." *Calder*, 465 U.S. at 790.

8

### 1. Shai Harari and Kelly Harari

As to the first prong of the *Calder* effects test, Plaintiff sufficiently alleges that Shai and Kelly Harari controlled or directly participated in the alleged infringing activities to demonstrate intentional acts by the Harari Defendants. Plaintiff alleges that the Harari Defendants "control the Glossy Pop Defendants," (Compl. ¶ 1), have "personally, and through the exercise of control of affiliated entities transact[] or [have] transacted business in this district," (Compl. ¶¶ 10, 11), have "had the authority to control the designing, manufacturing, advertising, promotion, distribution, offering for sale and/or selling of Defendants' products in the United States, . . . including entering into business partnerships with entities distributing Glossy Pops branded products," (Compl. ¶¶ 55, 56). The Complaint also provides sufficient factual allegations to support the inference that the Harari Defendants' controlled and directly participated in the infringing activities. For example, the Harari Defendants became "intimately familiar with Sugar Factory's Trade Dress" during Project Group's business relationship with Sugar Factory, the Harari Defendants would "take home free Couture Pops® after meetings," and the "Harari Defendants wrongfully used the information they had acquired . . . to create the Glossy Pops." (Compl. ¶¶ 1, 37, 39, 49).

As to the second requirement, Defendants declarations in support of their motion do not controvert the allegations that they controlled, directed, or participated in the infringing activities in California. Indeed, Shai Harari's declaration states that he traveled twice to California in connection with the Glossy Pops business, (Shaul Shai Harari Dec., Dkt. 32-2, ¶ 9), and Kelly Harari's declaration states that she traveled once to a music festival where she "gave away some promotional Glossy Pops products," (Kelly Harari Dec., Dkt. 32-3, ¶ 4). Because the allegations in the complaint are uncontroverted, the court must accept them as true. *See Schwarzenegger*, 374 F.3d at 800 ("uncontroverted allegations in the complaint must be taken as true"). Further, Defendant Glossy Pops has not disputed this court's jurisdiction over it. Taken together, the uncontroverted facts are

that Defendant Glossy Pops marketed and sold the infringing product in California and in this district, and that Defendants Shai Harari and Kelly Harari controlled, directed, or participated in the infringing activities in California.

Finally, as to the third prong of the *Calder* test, because Defendant Project Group was formerly Plaintiff's procurement vendor, and the Harari Defendants became intimately familiar with Plaintiff's business, Plaintiff has shown that Shai and Kelly Harari knew harm was likely to be suffered in California. Thus, Plaintiff has sufficiently alleged that Defendants Shai and Kelly Harari purposefully directed infringing activities to California. *See Dole Food*, 303 F.3d at 1111. The first prong of the three-prong test to establish specific jurisdiction is satisfied.

Next, the court finds that the second prong is also satisfied. Plaintiff's claims arise out of the Harari Defendants forum related activities. "A lawsuit arises out of a defendant's contacts with the forum state if there is a direct nexus between the claims being asserted and the defendant's activities in the forum." *Advanced Skin & Hair, Inc. v. Bancroft*, 858 F. Supp. 2d 1084, 1090 (C.D. Cal. 2012). Plaintiff alleges that Defendants "control[ed] the designing, manufacturing, advertising, promotion, distribution, offering for sale and/or selling of Defendants' products in the United States, including in this district . . . ." (Compl. ¶¶ 55, 56.) Defendants' contacts in California to market and sell the alleged infringing products, including Shai Harari's trips to California to conduct business directly related to Glossy Pops and Kelly Harari's actions at a California music festival, have a direct nexus with Plaintiff's claims of trade dress infringement.

Plaintiff has met its burden of making a prima facie showing of personal jurisdiction over Shai and Kelly Harari. Defendants do not present a compelling case that the exercise of jurisdiction would not be reasonable, therefore, this court finds that it has personal jurisdiction over Shai and Kelly Harari.

The court denies Defendants' motion to dismiss for lack of personal jurisdiction as to Defendants Shai Harari and Kelly Harari.

10

*2. Philipp Shchekin*

Plaintiff's allegations specific to Shchekin state: "Defendant Shchekin transacts or has transacted business in this district and throughout the United States," (Compl. ¶ 12); "Defendant Shchekin assisted [Defendants] in this effort, [to design develop, and manufacture infringing Glossy Pops,] in breach of his Confidentiality Agreement with Sugar Factory," and "Defendant breached the Confidentiality by using Sugar Factory's confidential information, and by disclosing it to the Glossy Pops Defendants." (*Id.* ¶¶ 49, 160.) Plaintiff argues that Shchekin participated in the infringing acts by, amongst other things, designing, developing, managing the manufacture, and creating the Glossy Pops' global brand identity. (Opp. Shchekin, at 4.) Defendant argues that the allegations make "no connection between Mr. Shchekin and California and in no way even hint that Mr. Shchekin was a decision maker, principal, agent, or alter ego of the Defendants." In other words, Defendant argues that he is merely an employee and that none of his actions can be connected to California. Based on the Complaint and the parties' briefing, the court finds that limited jurisdictional discovery as to Defendant Shchekin is appropriate. *See Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977) (Jurisdictional discovery "should be granted where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary.").

The court denies Defendant Shchekin's motion to dismiss for lack of personal jurisdiction without prejudice. The court grants limited jurisdictional discovery for a period of ninety days from the date of this order.

### ii. New York Defendants and Foreign Defendants

The New York Defendants, Glossy Pops Sourcing and Project Group, and the foreign Defendants, Glossy Pops UK and Glossy Pops Asia, argue that this court does not have personal jurisdiction because they do not transact any business in California. Plaintiff does not dispute that these entities do not do business in California, rather,

Plaintiff contends that the New York and foreign entities are alter egos of Shai Harari. (Opp. at 22.) Allegations of alter ego may allow a court to find that specific personal jurisdiction exists. *ADO Fin., AG v. McDonnell Douglas Corp.*, 931 F. Supp. 711, 715 (C.D. Cal. 1996) ("[I]f a corporation is the alter ego of an individual defendant, or one corporation the alter ego of another, the Court may 'pierce the corporate veil' jurisdictionally and attribute 'contacts' accordingly."). Here, Plaintiff seeks limited jurisdictional discovery to discover information related to amongst other items, the corporate documents of all corporate entities, equity contributions, and financial information. As with Defendant Shchekin, the court finds that at this early stage, good cause exists to permit jurisdictional discovery and grants Plaintiff's request. *See Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977).

The court denies Defendants Glossy Pop Sourcing, Project Group, Glossy Pops UK and Glossy Pops Asia's motion to dismiss for lack of personal jurisdiction without prejudice. The court grants limited jurisdictional discovery for a period of ninety days from the date of this order.

### b. Trademark Dilution

Defendants next challenge Plaintiff's third and sixth causes of action for federal and state trade dress dilution. (MTD at 7-16.) "Dilution is a cause of action invented and reserved for a select class of marks—those marks with such powerful consumer associations that even non-competing uses can impinge on their value." *Avery Dennison Corp. v. Sumpton* 189 F.3d 868, 875 (9th Cir. 1999). To state a claim for dilution under both 15 U.S.C. § 1125(c) and California state law, a plaintiff must plead that "(1) the mark is famous and distinctive; (2) the defendant is making use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark is likely to cause dilution by blurring or dilution by tarnishment." *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 634 (9th Cir. 2008) (citing 15 U.S.C. § 1125(c)(1)); Cal. Bus. &

12

Prof. Code § 14330). Defendants dispute the sufficiency of the first element, whether the mark is pled to be sufficiently famous.[1]

To determine whether a mark is famous, courts consider the non-exclusive list of factors found in 15 U.S.C. § (c)(2)(A): "(i) The duration, extent, and geographic reach of advertising and publicity of the mark, whether advertised or publicized by the owner or third parties[;] (ii) The amount, volume, and geographic extent of sales of goods or services offered under the mark[;] (iii) The extent of actual recognition of the mark[;] and (iv) Whether the mark was registered." *Jada Toys*, 518 F.3d at 634 (citing 15 U.S.C. § (c)(2)(A)).

Here, as to the first the first factor, duration, extent, and geographic reach of advertising and publicity of the mark, Plaintiff alleges that the company made "extensive efforts to promote Couture Pops®" and therefore they "garnered widespread media attention from the Today Show, Good Morning America, and other media outlets, as well as on social media." (*Id.* ¶ 24.) Sugar Factory notes that they "invested heavily into the advertising and promotion of its products, including the Couture Pops®." (*Id.* ¶ 19.) Plaintiff alleges that Couture Pops® have been endorsed by celebrities, and documents this through dozens of photographs in Exhibit B of their complaint. (*Id.* ¶ 23.) Plaintiff also alleges that "public media is replete with images of celebrities with Couture Pops®" and "Sugar Factory makes frequent and substantial use of these images in its advertising at its physical locations, on its website, social media accounts, and other media." (*Id.* ¶ 23.) Physical locations where Plaintiff advertises the Couture Pops® include "Nevada, New York, Chicago, New Jersey, Washington D.C., Connecticut, Florida, California, and Virginia" as well as several internationally. (*Id.* ¶ 17.) The court finds that at the

---

[1] Defendants argue that the first element requires distinctiveness *and* fame, and it appears to the court that Defendants only contend that fame is not sufficiently alleged. *See* MTD at 16:6-26. Therefore, the court's analysis is limited to whether Plaintiff has sufficiently pled fame.

13

pleading stage, the allegations above sufficiently show extensive advertising with expansive geographical reach.

As to the second factor, the amount, volume, and geographic extent of sales of goods, Plaintiff alleges that it "sold significant numbers of Couture Pops® throughout the United States for years." (*Id.* ¶ 25.) While Plaintiff does not approximate how many Couture Pops® it has sold throughout the years, such specificity is not required at the pleading stage. *See, e.g.*, *Pendleton Woolen Mills, Inc. v. Round Up Ass'n.*, No. 3:11-cv-592-592, 2012 WL 2721856 (D. Or. July 9, 2012) (allegations that Plaintiff has used its mark "for over a century and has promoted and sold a large variety of products and services under the [mark]" was sufficient). Further, Plaintiff alleges that for two years, "from approximately May of 2015 until approximately December 2017 . . . Harari Defendants manufactured at least 500,000 Couture Pops®" for Sugar Factory. (*Id.* ¶ 38.) As such, it is plausible that the amount of Couture Pops® sold throughout the United States has been significant throughout the years. Plaintiff has sufficiently pled facts as to the second factor.

The third factor, the extent of actual recognition of the trade dress, is also sufficiently pled. In conjunction with the allegations of marketing above, Plaintiff alleges that the Couture Pop® is "wildly popular among consumers." (*Id.* ¶ 25.) Plaintiff alleges a "high degree of brand recognition . . . among consumers" and "Sugar Factory's trademarks and trade dress have become well-known as indicating Sugar Factory as their source." (*Id.* ¶ 27.) At the pleading stage, detailed factual allegations *proving* fame, including "approximate figures" on the factors above is not required. *See, e.g.*, *In-N-Out Burgers v. Smashburger IP Holder LLC* No. 8:17-CV-1474-JLS-DFM, 2017 WL 10402610, at *3 (C.D. Cal. Dec. 21, 2017); *Third Est. LLC v. Cornerman Productions LLC*, 2:13-CV-3074-SVW-VBK, 2013 WL 12144110 at *3 (C.D. Cal. Aug. 5, 2013).

Finally, the fourth factor weighs in favor of fame and is also sufficiently pled because the Couture Pop® trade dress is registered. (Compl. ¶¶ 28-32.)

14

## IV. CONCLUSION

The court DENIES Defendants' motion to dismiss as to Shai Harari and Kelly Harari, DENIES Defendant Shchekin's, Glossy Pop Sourcing, Project Group, Glossy Pops UK and Glossy Pops Asia motions to dismiss without prejudice, and DENIES Defendants' motion to dismiss the third and sixth claims for relief. The court further grants the parties ninety days from the date of this order to conduct limited jurisdictional discovery.

**IT IS SO ORDERED.**

Dated: July 8, 2019

_____

DEAN D. PREGERSON

UNITED STATES DISTRICT JUDGE